IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT APPLEBY, et al.<br><br>          Plaintiffs,<br>     v.<br><br>MORGAN STANLEY SMITH BARNEY LLC. et al.,<br><br>          Defendants.<br>_____/ | No. C 14-2318 RS<br><br>**ORDER FOR LIMITED DISCOVERY AND FURTHER SUBMISSIONS** |

In connection with the pending motion to compel arbitration, plaintiff Robert Appleby has declared that he does not recall ever seeing the 2009 and 2012 "Financial Advisor/Investment Representative Retention Agreements." He has not, however, provided any direct and clear statement regarding his understanding as to whether the signatures on those documents are his or not. While the opposition brief implies it is possible Appleby never executed those documents—presumably meaning either that the signatures are forgeries or that they are copies of his genuine signature fraudulently affixed to these documents by photocopying or some other process—his declaration falls short of providing sufficient facts to support such an inference.

Failure of memory, standing alone, does not call into question whether these documents represent agreements into which Appleby knowingly entered in 2009 and 2012. Plaintiffs' counsel asserted at the hearing, however, that Appleby may be able to offer additional testimony that would be relevant to determining whether he in fact executed these documents.

Accordingly, defendants may take the deposition of Appleby for a period not to exceed two hours, and limited to the topic of the circumstances surrounding the formation and execution of the 2009 and 2012 agreements. In the event there is any dispute that Appleby executed the Form U4 on which defendants also rely, the deposition may also cover that topic. If plaintiffs in good faith believe it necessary, they may take one deposition, two hours or less in duration, of a representative of defendants regarding the formation of the 2009 and 2012 agreements and/or defendants' record keeping practices with respect to those documents.

The parties shall meet and confer to schedule the depositions at the earliest practical time. Within two weeks after they are completed, plaintiffs may file any additional declaration or declarations they deem appropriate addressing the issue of whether Appleby executed the 2009 and 2012 agreements, and whether he executed the Form U4, if that is in dispute. Within one week thereafter, defendants may file a response to the further declaration(s). The matter will then be re-submitted for decision.

IT IS SO ORDERED.

Dated: August 7, 2014

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE